## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**JOSEPH O. LINDSEY and
BEVERLY A.  LINDSEY,**               **COMPLAINT WITH
                                      DEMAND FOR JURY**
       **Plaintiffs,**                **TRIAL**

**vs.**                               **Civil Action No. _____**

**JAZIS J. SINGLETON and
TRANSPORT SALES INTERNATIONAL, INC.
d/b/a X L EXPRESS,**

       **Defendants.**

---

### COMPLAINT

COME NOW, Plaintiffs, JOSEPH O. LINDSEY and BEVERLY A.

LINDSEY, by and through their undersigned counsel, bring this action against

Defendants, JAZIS J. SINGLETON (hereinafter "SINGLETON"), and

TRANSPORT SALES INTERNATIONAL, INC. d/b/a X L EXPRESS

 (hereinafter "X L EXPRESS"), and allege:

### PARTIES

1. Plaintiff JOSEPH O. LINDSEY is domiciled in and is a citizen of the State
   of Alabama.

2. Plaintiff BEVERLY A.  LINDSEY is domiciled in and is a citizen of the
   State of Alabama.

3.  Defendant SINGLETON is an adult individual and a citizen of the State of Texas with an address located at 3814 Anthony Drive, Apt. C, Mesquite, TX 75150.

4.  Defendant X L EXPRESS is citizen of the State of Texas by virtue of its incorporation in the State of Texas, and or alternatively is a citizen of the State of Texas, because Defendant X L EXPRESS, is a corporation with its principal place of business at 11104 West Airport Blvd., Suite 215, Stafford, TX  77477.  See 28 U.S.C. 1332 § (c) (1).  X L EXPRESS's registered agent for service of legal process is Maria C. Adams at 1 Charleston South, Sugarland, TX 77478.

## JURISDICTION

5.  This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that:

(a)    The amount in controversy exceeds $75,000 (Seventy-Five Thousand Dollars), exclusive of interest and costs; and

(b)    All parties are completely diverse. All parties are citizens of different states and no plaintiff is a citizen of the same state as any defendant; specifically: Plaintiffs: JOSEPH O. LINDSEY and BEVERLY A.  LINDSEY are citizens of the State of Alabama; and Defendants: SINGLETON, and X L EXPRESS are all citizens of the State of Texas.

## **VENUE PURSUANT TO 28 U.S.C. § 1391**

6.  Venue is proper in the Honorable Court pursuant to 28 U.S.C. § 1391 in that:
    X L EXPRESS resides in the Southern District of Texas and all defendants
    are residents of the State of Texas, the state in which this district is located.
    See 28 U.S.C. § 1391 (b)(1).

## **FACTS COMMON TO CLAIMS**

7.  On August 31, 2017, SINGLETON was driving a 2015 Volvo semi-tractor
    (bearing Texas license plate R136083) either owned by X L EXPRESS, and
    or which was loaned to or leased to X L EXPRESS, and pulling a semi-
    trailer (bearing Texas trailer license plate U559583) which was also either
    owned by X L EXPRESS and loaned to or leased to X L EXPRESS, and
    traveling eastbound on Interstate Highway 40 near milepost 199 in the inner
    eastbound lane of traffic.

8.   On August 31, 2017, SINGLETON was an employee, agent, servant, or
    independent contractor for X L EXPRESS acting in the course and scope of
    his employment and or his agency.

9.  On August 31, 2017, JOSEPH O. LINDSEY was driving a 2012 Ford F-
    Series pick-up (bearing Alabama license plate 41P1524A) eastbound on
    Interstate Highway 40 in the State of Arkansas near milepost 199 in the
    inner eastbound lane of traffic.

10. On August 31, 2017, SINGLETON, while driving the semi-tractor and pulling the trailer (configured as described in paragraph 7 herein) drove into the rear of the truck that JOSEPH O. LINDSEY was driving eastbound in the inner eastbound lane on Interstate Highway 40 in the State of Arkansas at or near milepost 199.

11. JOSEPH O. LINDSEY sustained severe, grievous, and permanent injuries and damages as a result of being struck by the semi-truck and trailer configured as described in paragraph 7 herein.

12. BEVERLY A. LINDSEY is the wife of JOSEPH O. LINDSEY and has incurred damages and will continue to accrue damages for the loss of the services, society, companionship, and marriage relationship of JOSEPH O. LINDSEY as direct and proximate cause of the actions of one or more of the defendants herein.

**COUNT I**
**JOSEPH O. LINDSEY'S CAUSES OF ACTION AGAINST**
**JAZIS J. SINGLETON (NEGLIGENCE)**

13. Plaintiffs reallege the paragraphs above and incorporate them by this reference as if recited in full.

14. SINGELTON owed a duty to refrain from striking the vehicle JOSEPH O. LINDSEY was driving.

15. SINGLETON breached the aforesaid duty to refrain from striking the vehicle JOSEPH O. LINDSEY was driving.

16. SINGLETON'S breach of his duty to refrain from striking the vehicle JOSEPH O. LINDSEY was driving caused injury to Plaintiff JOSEPH O. LINDSEY.

17. SINGLETON'S breach of his duty to refrain from striking the vehicle JOSEPH O. LINDSEY was driving was the proximate cause of the injuries to Plaintiff JOSEPH O. LINDSEY.

18. Plaintiff JOSEPH O. LINDSEY suffered actual damages, including, but not limited to:

   a. the reasonable expense of any necessary medical care, treatment, and services rendered, including transportation, board, and lodging expenses necessarily incurred in securing such care, and the present value of such expense reasonably certain to be required in the future;

   b. pain and suffering experienced in the past and reasonably certain to be experienced in the future;

   c. the value of any earnings, profits, salary, and/or working time lost and the value of any earnings, profits, salary and/or working time reasonably certain to be lost in the future;

   d. the present value of any loss of ability to earn in the future;

e. any scars and disfigurement and visible results of his injury; and

f. the reasonable expense of any necessary help in his home which has been required as a result of his injury and the present value of such expense reasonably certain to be required in the future.

## COUNT II
## BEVERLY A. LINDSEY'S CAUSE OF ACTION AGAINST
## JAZIS J. SINGLETON (LOSS OF CONSORTIUM)

19. Plaintiffs reallege the paragraphs above and incorporate them by this reference as if recited in full.

20. BEVERLY A. LINDSEY was legally married to JOSEPH O. LINDSEY at all times of the events or omissions giving rise to the claims herein and remains married to JOSEPH O. LINDSEY.

21. As a direct and proximate result of the negligence of SINGLETON and breach of duty to JOSEPH O. LINDSEY which resulted in the injuries and damages described herein to JOSEPH O. LINDSEY, SINGLETON caused BEVERLY A. LINDSEY to incur damages and she will continue to accrue damages for the loss of the services, society, companionship, and marriage relationship of JOSEPH O. LINDSEY as direct and proximate cause of the actions of one or more of the defendants herein.

## COUNT III
## JOSEPH O. LINDSEY'S CAUSES OF ACTION AGAINST
## X L EXPRESS, INC. (*RESPONDEAT SUPERIOR*)

22. Plaintiffs reallege the paragraphs above and incorporate them by this reference as if recited in full.

23. SINGLETON was an employee, agent, servant, or independent contractor for X L EXPRESS.  SINGLETON was acting in the course and scope of his employment as an employee, agent, servant, or independent contractor for X L EXPRESS, under the direct control of X L EXPRESS.

24. It was foreseeable that if SINGLETON drove in a dangerous, reckless, careless, or negligent manner that it would result in harm to others on the roadway.

25. Irrespective of the employment relationship, the tractor operated by the defendant truck driver SINGLETON bore defendant X L EXPRESS's operating authority under United States Department of Transportation number 1200894. X L EXPRESS is therefore vicariously liable for the acts of Defendant SINGLETON.

## COUNT IV
## BEVERLY A.  LINDSEY'S CAUSE OF ACTION AGAINST
## X L EXPRESS, INC. (*RESPONDEAT SUPERIOR*) FOR
## LOSS OF CONSORTIUM

26. Plaintiffs reallege the paragraphs above and incorporate them by this reference as if recited in full.

27. BEVERLY A. LINDSEY was legally married to JOSEPH O. LINDSEY at all times of the events or omissions giving rise to the claims herein and remains married to JOSEPH O. LINDSEY.

28. As a direct result of the negligence of X L EXPRESS, and breach of duty to JOSEPH O. LINDSEY, which resulted in the injuries and damages described herein to JOSEPH O. LINDSEY, X L EXPRESS caused BEVERLY A. LINDSEY to suffer the following damages:

Loss of consortium, which includes but is not limited to the loss of JOSEPH O. LINDSEY's society, companionship, and assistance.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) for all causes of action above, and other relief as justice requires or as this Honorable Court or the trier of fact sees fit under principles of law and equity; plus, interest and costs.

Respectfully submitted: March 28, 2019.

**THE PRICE LAW FIRM,**

*/s/ William B. Price_____*
**WILLIAM B. PRICE**
**Attorney in Charge**
Texas State Bar No: 24110743
S. D. of Texas Bar No: FL28277
**TURNER A. ROUSE**
**Associate Counsel**
Texas State Bar No: 24109432
S.D. of Texas Bar No: 24109432
**THE PRICE LAW FIRM**
731-A Airport Road
Panama City, FL 32402
Tele: (850) 215-2195
Fax: (850) 763-0647
Email: bill@thepricelawfirm.com
         turner@thepricelawfirm.com
         hannah@thepricelawfirm.com
Attorneys for Plaintiffs